O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| KATHLEEN M. PITTS, | Case No. EDCV 06-00400-MLG |
|           Plaintiff, | MEMORANDUM OPINION AND ORDER |
|       v. | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | |
|           Defendant. | |

Plaintiff Kathleen Marie Pitts seeks judicial review of the Commissioner's final decision denying her application for Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 *et seq*. For the reasons set forth below, the ALJ's decision shall be affirmed.

**I.  Background**

Plaintiff was born on June 26, 1956. (Administrative Record "AR" at 57). She is a high school graduate, with no additional formal educational or vocational training. (AR at 100). Plaintiff was previously employed as a babysitter and a stock clerk. (AR at 112).

1    Plaintiff filed an application for SSI benefits on March 2, 2004,[1]

2 alleging that she has been disabled since April 30, 1999,[2] as a result

3 of chronic back pain and mental retardation. (AR at 57, 94).

4    Plaintiff's application was denied initially and upon

5 reconsideration. (AR at 27, 34). An administrative hearing was held on

6 July 26, 2005, before Administrative Law Judge ("ALJ") Gail Reich. (AR

7 at 253). Plaintiff, represented by attorney Bill LaTour, testified (AR

8 at 253-62, 272), as did Vocational Expert ("VE") Sandra Fiocetti (AR at

9 273-76), and Medical Experts ("ME") Joseph Malancharovil (AR at 261-65)

10 and Samuel Landau. (AR at 265-72).

11    On October 20, 2005, ALJ Reich denied Plaintiff's application for

12 benefits. (AR at 17). The ALJ found that the Plaintiff had not engaged

13 in substantial gainful activity during the period at issue. (AR at 16).

14 The ALJ further found that the medical evidence established that the

15 Plaintiff suffered from obesity with blood sugar elevation, back pain,

16 and borderline to low intelligence. (Id.). However, the ALJ concluded

17 that Plaintiff's impairments did not meet, or were not medically equal

18 to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P,

19 Appendix 1. (Id. at 16-17). The ALJ also determined that the

20

21

22 _____

23    [1]  Plaintiff had previously filed an application for SSI benefits
on February 13, 2002, which was denied initially, upon reconsideration,
24 and in an administrative law judge decision dated February 26, 2004.
(AR at 12). After the Appeals Counsel denied Plaintiff's request for
25 review, Plaintiff timely filed a civil action for judicial review in
this Court. *Pitts v. Barnhart*, Case No. EDCV 04-01247-MLG. The
26 Commissioner's final decision was found to be supported by substantial
evidence on June 30, 2005.
27

28    [2]  Plaintiff amended her alleged disability onset date to March 2,
2004 at the administrative hearing. (AR at 274).

2

1  allegations made by the Plaintiff and her friend Katherine Garcia,[3]

2  regarding Plaintiff's functional limitations and excess pain, were not

3  credible to the degree asserted. (Id. at 17).

4      The ALJ assessed Plaintiff's capacity to perform basic work-related

5  activities as limited by an inability to lift and carry more than twenty

6  pounds on an occasional basis and ten pounds on a frequent basis; by an

7  inability to stand or walk longer than 4 hours in an 8-hour workday; by

8  an inability to sit longer than 6 hours in an 8-hour workday; by an

9  inability to do more than occasional stooping or bending, by an

10  inability to climb ladders, ropes, and scaffolds; by an inability to

11  perform work that requires more than four step instructions; and by a

12  requirement that Plaintiff work in an air conditioned work environment.

13  (Id.).

14      The ALJ found that Plaintiff had relevant work experience as a

15  child care attendant/babysitter, which is ordinarily performed in the

16  national economy at the medium exertional level, but at the light work

17  level as performed by Plaintiff.[4] (AR at 13, 17).  The ALJ concluded that

18  Plaintiff's impairments do not prevent her from performing that work, as

19  it was previously performed by her. (Id.).  Thus, the ALJ concluded that

20

21      [3]   Katherine Edgar Garcia submitted a "Function Report Adult –
    Third Party" form to the Social Security Administration, on behalf of
22  Plaintiff, on March 12, 2004. (AR at 103-11).

23      [4]   The Dictionary of Occupational Titles, section 359.677-010,
    defines a child care attendant as someone who typically:
24      "Awakens children each morning and ensures children are
        dressed, fed, and ready for school or other activity. Gives
25      instructions to children regarding desirable health and
        personal habits. Plans and leads recreational activities and
26      participates or instructs children in games. Disciplines
        children and recommends or initiates other measures to control
27      behavior. May make minor repairs to clothing. May supervise
        housekeeping activities of other workers in assigned section
28      of institution. May counsel or provide similar diagnostic or
        therapeutic services to mentally disturbed, delinquent, or
        handicapped children. May escort child to designated
        activities. May perform housekeeping duties in children's
        living area."

Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f).

On March 29, 2006, the Appeals Council denied review (AR at 4-6) and Plaintiff timely commenced this action for judicial review.

On February 7, 2007, the parties filed a Joint Stipulation ("JS") of disputed facts and issues. Plaintiff contends that the ALJ erred by: finding that Plaintiff's previous babysitting experience qualified as past relevant work as a child care attendant; failing to properly consider the opinions of a state agency medical consultant; and, in the event that the Court finds that Plaintiff's babysitting qualifies as past relevant work, the ALJ erred by finding that Plaintiff can still perform that work. (JS at 16). Plaintiff seeks remand for payment of benefits or, in the alternative, remand for a new administrative hearing before a different ALJ. (Id.). The Defendant requests that the ALJ's decision be affirmed. (Id.).

## II.  <u>Standard of Review</u>

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision denying benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). It is more than a scintilla, but less than a preponderance. *Reddick*, 157 F.3d at 720. To determine whether substantial evidence supports a finding, the court

4

"must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Id*. "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id*. at 720-21.

## III. **Discussion**

### A. **The ALJ Properly Found that Plaintiff Had Past Relevant Work Experience**

Plaintiff contends that the ALJ improperly concluded that her babysitting position qualified as relevant work experience. For the reasons stated below, this Court rejects Plaintiff's contention.

According to the record, from May 2002 to November 2003, Plaintiff lived with her daughter and was employed as a babysitter for her grandchildren. (AR at 112, 123, 260-61). She worked 6 to 7 hours a day, five days a week. (AR at 123, 261). Plaintiff claims that the ALJ incorrectly identified the amount of Plaintiff's earnings as $250.00 per week on her Work History Report, when in fact Plaintiff only earned $2.50 per hour. Plaintiff argues that because her average earnings were only equal to $75.00 per week, or $300 per month, her babysitting fails to satisfy the criteria for past relevant work.

In determining whether a claimant is disabled, the Commissioner is governed by a five-step sequential evaluation process. 20 C.F.R. § 416.920. If a finding of disability or non-disability can be made at any step, the Commissioner will not review the claim further. *Barnhart v. Thomas*, 540 U.S. 20, 23 (2003). At step 1, a claimant will be considered not disabled, without consideration of medical factors or other vocational factors, if she is engaging in substantial gainful

activity ("SGA"). 20 C.F.R. § 416.920(b).  A claimant's SGA is also relevant at step 4 of the sequential evaluation process.  At step 4, the claimant bears the burden of showing that she is unable to perform her "past relevant work."  20 C.F.R. § 416.920(e).  For a job to qualify as past relevant work, it must have involved SGA. 20 C.F.R. §§ 404.1565, 416.960 & 416.965; *Lewis v. Apfel*, 236 F.3d 503, 515 (9th Cir. 2001). If a claimant cannot perform her past relevant work, or if she does not have any past work involving SGA, the ALJ must proceed to step 5 and make a determination as to whether the claimant has the RFC to do other jobs existing in substantial numbers in the economy. 20 C.F.R. § 416.920(f), 416.960(c).

Work qualifies as SGA if it is done for pay or profit and involves significant mental or physical activities. 20 C.F.R. §§ 404.1571-404.1572 & 416.971-416.975.  Earnings can be a presumptive, but are not a conclusive sign of whether a job is substantial gainful activity. Average monthly earnings greater than $700 (for employment after July 1999) generally indicate that a claimant *has* engaged in SGA.  20 C.F.R. § 416.974(b)(2).  By contrast, monthly earnings averaging less than or equal to $300 ordinarily show that a claimant has not engaged in SGA, and additional information will not generally be considered unless there is evidence indicating that the claimant may be engaged in SGA. 20 C.F.R. § 416.974(b)(3); *Lewis*, 236 F.3d at 515.  The presumption that arises from low earnings shifts the step 4 burden of proof from the claimant to the Commissioner. *Lewis*, 236 F.3d at 515.  To overcome such a presumption, the ALJ must point to substantial evidence, aside from earnings, that the claimant has engaged in SGA.  The regulations list five factors to be considered:  the nature of the claimant's work; how well the claimant does the work; if the work is done under special

6

conditions; if the claimant is self-employed; and the amount of time the claimant spends at work. 20 C.F.R. §§ 404.1573 & 416.973; *see Katz v. Sec'y of Health and Human Servs.*, 972 F.2d 290, 293 (9th Cir. 1992) (citing regulations and listing these as factors that claimant could use to overcome high-earnings presumption).

In this case, Plaintiff claims that she clearly wrote that she earned "2.50" for babysitting on her Work History Report. (JS at 3). Defendant claims that Plaintiff clearly identified her rate of pay as "250." (JS at 5). Both parties acknowledge that Plaintiff failed to follow directions and indicate on the form whether or not her rate of pay was earned per hour, per week, per month, or per year. (See AR at 123).

After examining the form in question, this Court cannot determine with any degree of certainty whether Plaintiff listed "2.50" or "250" as her rate of pay on her Work History Report. This Court has determined, however, that the ALJ's finding that Plaintiff earned $250 per week was not unreasonable.

Plaintiff testified that she was fired because her daughter could no longer afford to support her. (AR at 261). The ALJ's interpretation of a higher salary is consistent with Plaintiff's testimony that she was being supported by her daughter, and that she would have chosen to continue working for her had she not been fired. (See Id.).

Moreover, at the hearing, the VE asserted that Plaintiff's "only past relevant work" was "child care." (AR at 273). The VE also stated that the "babysitting would, according to the DOT, be classified as medium and semi-skilled," but testified that Plaintiff "performed that at the light level." Significantly, there were no objections or cross-examination by Plaintiff on this topic.

In attempting to bolster her argument that the ALJ erred, Plaintiff points to another section of that same form where she lists her past employment as a stock clerk at PetMart. (JS at 122; See AR at 122). Describing her job at PetMart, Plaintiff wrote that her rate of pay was "575" and again failed to indicate whether it was earned per hour, per week, per month, or per year. (See AR at 122). Although Plaintiff makes no explicit argument or comparison with respect to these two parts of her Work History Report, she seems to imply that, because it would be unreasonable for the ALJ to interpret that Plaintiff earned $575 per week at PetMart, it is unreasonable for the ALJ to have found that Plaintiff earned $250 a week babysitting. (JS at 3-4). The Court finds this argument completely without merit. In his decision, the ALJ made no findings at all with respect to Plaintiff's job at PetMart. Thus, even assuming Plaintiff's earnings at PetMart were relevant to her babysitting work, this Court is unable to evaluate the reasonableness of findings never made by the ALJ.

Plaintiff further argues that, even if Plaintiff did earn $250 per week, the ALJ erred by failing to apply the proper rules governing SGA and "self-employed" individuals. (JS at 4). Plaintiff asserts that SSR 83-34 requires that three tests be applied and considered before a self-employed person may be found to be engaged in SGA. Plaintiff misreads SSR 83-34.

The first test to determine whether or not a self-employed individual's work activity is SGA is whether or not the individual renders services that are significant to the operation of the business and if he or she receives a substantial income from the business. SSR 83-34. "The services of an individual in a one-person business are necessarily 'significant.'" Id. "The receipt of substantial income" will

8

result in SGA. It is only "[*w*]*here income is not substantial*" that the second and third SGA tests concerning comparability and worth or work must be considered." Id. Because this Court finds that the ALJ's conclusion that Plaintiff earned "$250" per week was reasonable, and because $250 per week is substantial income, the ALJ did not err in failing to apply the second and third tests outlined in SSR 83-34.

This Court finds that the ALJ's conclusion that Plaintiff earned $250 per week, and that Plaintiff's babysitting was past relevant work, was adequately supported by evidence in the record. To the extent that Plaintiff's view of the evidence is reasonable, "where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Therefore, remand is not warranted on this issue.

**B.   The ALJ Properly Considered the Opinion of Dr. Becraft**

Plaintiff next contends that the ALJ improperly evaluated the opinion of Dr. M. Becraft, a state agency non-examining medical consultant, who reviewed Plaintiff's medical file on May 28, 2004. (JS at 7-8). Specifically, Plaintiff asserts that the ALJ erred because he failed to consider Dr. Becraft's opinion, to state whether he accepted or rejected it, or to explain what weight he assigned to it.

Contrary to Plaintiffs's assertion, the ALJ did consider the opinion of Dr. Becraft. In his decision, the ALJ wrote the following with respect to Dr. Becraft's findings:

> "Based on a review of the record, a State Agency medical
> consultant concluded that the claimant demonstrated an ability
> to sustain simple tasks with adequate concentration, pace,
> persistence and social and adaptive functioning."

(AR at 15). Although the ALJ did not explicitly state whether or not

9

she accepted the opinion of Dr. Becraft, a fair reading of the decision makes clear that she did.   The ALJ noted Dr. Becraft's findings while discussing and accepting several other state medical and psychological opinions which were similar to, and consistent with, Dr. Becraft's.

However, even if the ALJ erred in not explicitly accepting or rejecting Dr. Becraft's opinion, any error was harmless. *See Curry v. Sullivan*, 925 F.2d 1127, 1131 (9th Cir. 1991).   Dr. Becraft's opinion was consistent with the ALJ's findings that the Plaintiff was limited to work-related activities which require no more than four-step instructions. (See AR at 17).   Thus, any error was inconsequential to the ultimate determination of non-disability and remand is not warranted.

**C.   The ALJ Properly Found that Plaintiff Can Still Perform Her Past Relevant Work**

Finally, Plaintiff contends that, in the event that this Court finds that Plaintiff's babysitting qualifies as past relevant work, the ALJ erred by finding that Plaintiff can still perform that work. (JS at 9).   Plaintiff argues that she lacks the residual functioning capacity to perform medium work or the mental capacity to perform her past work as required, and that the ALJ failed to properly consider the mental demands of a child care attendant as described in DOT 359.677-010. (JS at 10).   Plaintiff's claim is without merit.

Claimant's have the burden of showing that they can no longer perform their past relevant work. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001); 20 C.F.R. § 416.920(e).   However, Plaintiff is correct that the ALJ still has a duty to make the requisite factual findings to support her conclusion, by looking at, and making specific findings with regard to, the "residual functional capacity and the physical and mental

10

demands" of the claimant's past relevant work. *Pinto*, 249 F.3d at 845;
20 C.F.R. § 416.920(e); SSR 82-62.  In this case, the ALJ did so.

Plaintiff described her babysitting job as she actually performed
it in her Work History Report. (AR at 123).  She stated that it required
her to walk for two hours, stand for two hours, and sit for two hours.
(Id.).  She wrote that it did not require her to climb, stoop, kneel,
crouch; handle, grab, or grasp big objects; write, type, or handle small
objects; use technical knowledge or skills; or write reports or complete
forms. (Id.). At the hearing, Plaintiff testified that her babysitting
job required her to take one of her granddaughters to school and pick
her up, care for and diaper an infant, cook breakfast and lunch, and
lift "no more than 20 pounds." (AR at 273).

The ALJ's questioning of the VE at the hearing allowed ALJ Reich to
compare the "physical and mental demands" of Plaintiff's past work with
her residual functional capacity. (See AR at 274).  The hypothetical
posed to the VE incorporated the medical evidence in the record and the
description of Plaintiff's past work as supplied by Plaintiff. (See
Id.).  The ALJ, relying on information supplied by the Plaintiff and the
expertise of the VE, found that Plaintiff could perform her past work,
not as it is generally performed in the national economy, but *as she
actually performed it*. (AR at 13, 17).  It was not improper for the ALJ
to have relied upon the VE in her disability determination. *See* 20 CFR
§ 416.960(b)(2) (ALJ may rely on a vocational expert's "expertise and
knowledge concerning the physical and mental demands of a claimant's
past relevant work, either as the claimant actually performed it or as
generally performed").  The ALJ also made specific findings with respect

1   to Plaintiff's residual functional capacity.[5]

2        The ALJ's conclusion that Plaintiff can perform her past relevant

3   work as a child care attendant, as performed by her, is substantially

4   supported by the record.  It is also sufficient to support a finding of

5   non-disability. *See Pinto*, 249 F.3d at 845 (Ninth Circuit has never

6   required the ALJ to make explicit findings about a claimant's past

7   relevant work both as generally performed *and* as actually performed);

8   *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (ALJ will

9   consider whether claimant is able to perform past relevant work "either

10  as actually performed or as generally performed in the national

11  economy"); SSR 82-61 (same).  Thus, remand is not warranted.

12

13  **IV.  <u>CONCLUSION</u>**

14       For the reasons stated above, it is **ORDERED** that the decision of

15  the Commissioner be affirmed and this case be dismissed with prejudice.

16

17  DATED: March 21, 2007

18                                          _____

19                                          Marc L. Goldman
                                            United States Magistrate Judge

20

21

22  _____

23  [5]   The ALJ found that:
      "The claimant's capacity to perform basic work-related
24    activities is limited by an inability to lift and carry more
      than twenty pounds on an occasional basis and ten pounds on a
25    frequent basis, by an inability to stand or walk longer than
      4 hours in an 8-hour workday, by an inability to sit longer
26    than 6 hours in an 8-hour workday, by an inability to do more
      than occasional stooping or bending, by an inability to climb
27    ladders, ropes, and scaffolds, by a requirement that she work
      in air conditioned work environment, and by an inability to
28    perform work that requires more than four step instruction."
      (AR at 16).

                                    12